At the appearance term, Moore, who had been for many years employed by Stanly in all his suits, and also, after his death by the executor, entered his appearance and pleaded the general issue, although no declaration had been filed.
At the March Term last, Turner, the executor, came into Court, in person, with an affidavit stating that no declaration had been filed, and moved to have the suit dismissed, according to the act of Assembly. 1786, 14, 5, 585.
who was alone on the bench, refused to determine the motion, on account of its being a point of argument, which requires the presence of two
Judges. 2, 1777, 2, 2, 297.
His Honor directed the affidavit to be filed, and the motion to stand over for argument at the next term.
And now, at this term, Wood, for the defendant, argued that the cause ought to be dismissed for want of a declaration, notwithstanding the plea in chief, which, there being no declaration for it to answer, must be considered as a nullity. But,
It was answered by Davie, and,
Resolved by the Court, WILLIAMS, J., and McCOY, J., that the motion is in the nature of a plea in abatement, and can not be more favored:
That if this were a plea in abatement, it must not only have been put in at the first term, if at all; but it would be waived by the plea in chief.
That as it is a summary motion, it is entitled to no better treatment.
It was said to have been so resolved by the Judges in some other cause.
* * * There was another suit between those parties, where the (51) same motion was also made, and in which it had the like fate.
NOTE. — See Anderson v. Anderson, ante, 20, and 1 Rev. Stat., ch. 31, sec. 62. *Page 57